IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 06-132ML |
| | ) | |
| ERIC GRUNDY | ) | |

# MOTION TO ENLARGE TIME FOR FILING OBJECTIONS TO PRESENTENCE REPORT AND/OR SENTENCING MEMORANDUM AND TO REASSIGN SENTENCING

Now comes Eric Grundy, by and through his appointed counsel, and moves for additional time to file objections to the presentence report and/or sentencing memorandum. Additional time is requested in order for counsel to research the impact the proposed changes to the sentencing guidelines would have on the defendant's case. Currently based on the drafted proposals from the United States Sentencing Commission the defendant's offense level would drop to level 29 and his guideline range to 121-151 months down from 151-188. He would also benefit from a one point reduction in criminal history, which would not effect his criminal history category. A full understanding of this developing matter is critical therefore to defendant sentencing. Since the last application for additional time the U.S. Sentencing Commission has sought public comment on retroactive application of both the crack cocaine amendment and criminal history amendment:

> Federal Register Notice (submitted July 27, 2007). Request for public comment regarding retroactive application of amendments pertaining to cocaine base (crack) and to criminal history.

Lastly, the defendant also notes the pendency in the United States Supreme Court of Kimbrough v. United States, a matter concerning the sentencing ratio of one hundred to one for crack vs. cocaine. The Supreme Court has agreed to address the issue of whether the sentencing court is free in applying 18 USC § 3553A to disagree with policy choices such as the powder to crack cocaine ratio made by the Sentencing Commission. Kimbrough v. United States, 06-6330, United States Supreme Court. Defendant's case involves crack cocaine. Therefore, this matter currently pending in the Supreme Court is potentially directly applicable; however, under current law is limited in its effect to the ten year mandatory minimum as noted above.

It is respectfully requested such period be enlarged to a time after November 1, 2007. Counsel seeks that the sentencing therefore be set at least ten days after that date to allow for response time to any such objection . Counsel similarly seeks that the sentencing hearing previously set be vacated. The government does not object to the within motion to enlarge time.

Respectfully submitted,

Defendant Eric Grundy
By his attorney,

/s/ George J. West

George J. West, Esq. #3 052
One Turks Head Place, Suite 312
Providence, RI 02903-22 15
(401) 861-9042
(401) 861-0330 Fax

CERTIFICATION

I hereby certify that on this 15th day of August 2007, I forwarded a copy of the within Motion to Sandra Beckner Esq., sandra.beckner@usdoj.gov karen.miszkiewicz@usdoj.gov;libana.steele@usdoj.gov;usari-ecf@usdoj.gov;paulette.gamache@usdoj.gov, U. S. Department of Justice, U.S. Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 via the USDC's ECF system.

/s/George J. West